

Search for Cases by: Select Search Method...

| Judicial Links | eFiling | Help | Contact Us | Print | GrantedPublicAccess Logoff MWESTERING |

**22SL-CC04869 - BRONNIE MATHEWS V DOLLAR TREE STORES, INC (E-CASE)**

FV  File Viewer | Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/Execution

**Click here to eFile on Case**
Click here to Respond to Selected Documents

Sort Date Entries: ● Descending  ○ Ascending     Display Options: All Entries

**11/17/2022**   ☐ **Summons Issued-Circuit**
Document ID: 22-SMCC-9278, for DOLLAR TREE STORES, INC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**11/16/2022**   ☐ **Filing Info Sheet eFiling**
   **Filed By:** MEGEN L HOFFMAN

☐ **Pet Filed in Circuit Ct**
Petition.
   **Filed By:** MEGEN L HOFFMAN
   **On Behalf Of:** BRONNIE MATHEWS

☐ **Judge Assigned**
DIV 13

Case.net Version 5.14.60         Return to Top of Page         Released 11/02/2022

EXHIBIT 1

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| BRONNIE MATHEWS, ) | |
| ) | |
| Plaintiff, ) | Cause No.: |
| ) | |
| v. ) | Division No.: |
| ) | |
| DOLLAR TREE STORES, ) | |
| INC. ) | |
| ) | JURY TRIAL DEMANDED |
| Serve at: ) | |
| Registered Agent ) | |
| CSC-LAWYERS ) | |
| INCORPORATING SERVICE ) | |
| COMPANY ) | |
| 221 BOLIVAR ST ) | |
| JEFFERSON CITY, MO ) | |
| 65101 ) | |
| ) | |
| Defendant. ) | |

## **PETITION**

COMES NOW Plaintiff, Bronnie Mathews, and for her Petition against Defendant states as follows.

1. Plaintiff is a resident of St. Louis County, State of Missouri, and is a US Citizen, over the age of eighteen (18).

2. Defendant at all times was the owner and operator of a Dollar Tree store, Store #690, located at 12406 Saint Charles Rock Road, Bridgeton MO, 63044-2506.

3. Venue is proper in St. Louis County, State of Missouri, as the incident occurred in Bridgeton, MO.

4. Jurisdiction is proper in this Court, as Plaintiff's damages exceed $25,000.00.

EXHIBIT 1

5.  On or about April 14, 2022, Plaintiff entered the aforementioned Dollar Tree location to shop.

6.  On defendant's premises, while bending down to retrieve merchandize in a basket near the floor, Plaintiff struck her face on a metal rod that was sticking out of the wall, which was also holding merchandise.

7.  The metal rod was located approximately three (3) feet from the floor on the wall, directly above a basket containing merchandise, and was twice the length of any other metal rod on that same wall.

8.  As a result of the location of the metal rod, as well as the length, it caused an unsafe condition.

9.  The metal rod was placed in a position that was not reasonably safe for consumers.

10. Defendant knew or by using ordinary care could have known of the unsafe condition created by the placement and length of the metal rod.

11. Defendant failed to use ordinary care to remove or warn of the dangerous condition of defendant's premises at the time and place stated above.

12.  As a direct result of defendant's failure as described above, Plaintiff was injured, specifically she suffered a laceration to her lower eyelid, comminuted fracture of the inferior orbit and medial orbit wall and injury to the ethmoid bone, with initial loss of vision and headache.

13. As a direct result of defendant's conduct as described herein, Plaintiff has suffered damages in the form of lost wages, medical expenses, loss of future earnings, pain and suffering.

EXHIBIT 1

WHEREFORE, Plaintiff prays damages in such amount as is fair and reasonable, in excess of $25,000, together with interest and costs, and such other and further relief as the court shall deem proper.

                                                Respectfully Submitted,

                                                LAW OFFICES OF RICK BARRY, P.C.

By:    /s/ Megen I. Hoffman
          RICK BARRY, MBE # 25592
          MEGEN I. HOFFMAN, MBE#58772
          Attorneys for Plaintiff
          1034 S. Brentwood Blvd., Suite 1301
          St. Louis, MO 63117
          Phone: (314)918-8900
          Fax: (314)918-8901
          rickbarry@rickbarrypc.com
          megens@rickbarrypc.com

EXHIBIT 1



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRUCE F. HILTON | Case Number: 22SL-CC04869 |
| Plaintiff/Petitioner:<br>BRONNIE MATHEWS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>MEGEN L HOFFMAN<br>1034 S Brentwood Blvd<br>Suite 1301<br>ST LOUIS, MO  63117 |
| Defendant/Respondent:<br> DOLLAR TREE STORES, INC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Other | |

(Date File Stamp)

## Summons in Civil Case

**The State of Missouri to:** DOLLAR TREE STORES, INC
         **Alias:**
**CSC-LAWYERS INCORPORATING**
**221 BOLIVAR ST**
**JEFFERSON CITY, MO  65101**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    **SPECIAL NEEDS:**  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

**17-NOV-2022**
   Date                                                      /s/ Joan M. Gilmer
                                                             Clerk

**Further Information:**
**AD**

### Sheriff's or Server's Return
**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
  ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
  ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____a person at least 18 years of age residing therein.
  ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).
  ☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____    _____
      Printed Name of Sheriff or Server                                        Signature of Sheriff or Server
**Must be sworn before a notary public if not served by an authorized officer:**
Subscribed and sworn to before me on _____ (date).
My commission expires: _____        _____
 (Seal)                          Date                                        Notary Public

OSCA (7-99) SM40  (SMCC) *For Court Use Only*: **Document ID# 22-SMCC-9278**     EXHIBIT 1     Rule 86.05; 523.030 RSMo

**Sheriff's Fees, if applicable**
Summons                              $_____
Non Est                              $_____
Sheriff's Deputy Salary
Supplemental Surcharge    $____10.00_____
Mileage                              $_____ (_____ miles @ $._____ per mile)
**Total**                                $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73